UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIERRE LAKELL MORRIS,<br><br>                Petitioner,<br><br>   v.<br><br>D. HOLBROOK, et al.,<br><br>                Respondents. | Case No. 2:20-cv-03344-FLA (AGR)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the court has reviewed Pierre Lakell Morris' ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") (Dkt. 1), the records on file, and the Report and Recommendation of United States Magistrate Judge ("Report") (Dkt. 28 ("Report")).  Further, the court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

The Report recommends denial of the Petition and dismissal of this action with prejudice.  Report at 46.  Petitioner's objections to the Report (Dkt. 33) do not warrant a change to the Magistrate Judge's findings or recommendation.

Petitioner objects, as to Claim Three, that the evidence was insufficient to support his convictions for kidnapping to commit rape and rape.  Dkt. 33 at 1.

As to the kidnapping to commit rape, Petitioner objects that the evidence showed the victim was moved for the purposes of robbery, rather than rape.  *Id.*  To the contrary, a rational jury could conclude from the evidence that the victim was moved from the front to the back of the spa with the specific intent to commit rape.  Report at 29–31.  Petitioner's alternative explanation for the movement does not render the evidence insufficient to support the conviction.  *See United States v. Nevils*, 598 F.3d 1158, 1169 (9th Cir. 2010) (*en banc*) ("[W]e do not construe the evidence in the light most favorable to innocence, and therefore do not consider [appellant's] argument that there is an equally plausible innocent explanation for [the evidence].").

As to the rape, Petitioner objects that the evidence failed to establish Jared Santiago's identity as the perpetrator of the rape, meaning Petitioner could not be liable as an aider and abettor.  Dkt. 33 at 1–2.  To the contrary, the victim identified Santiago as the perpetrator of the rape.  Dkt. 20-4 at 44–45; Dkt. 20-10 at 5.  The evidence also established that Petitioner helped Santiago facilitate the rape or that rape was a natural and probable consequence of the kidnapping to commit rape.  Report at 31–36.  Thus, a rational jury could conclude that Petitioner was guilty of rape under a theory of aiding and abetting.

In sum, Petitioner's objections are overruled.

**ORDER**

It is ORDERED that (1) the Report is ACCEPTED AND ADOPTED; and (2) Judgment shall be ENTERED denying the Petition and dismissing this action with prejudice.

IT IS SO ORDERED.

Dated: March 29, 2024

FERNANDO L. AENLLE-ROCHA
United States District Judge